Larry Zerner (SBN 155473)
LAW OFFICES OF LARRY ZERNER
1801 Century Park East, Ste. 2400
Los Angeles, CA 90067
(310) 773-3623
Larry@ZernerLaw.com

Maxwell Goss (PHV motion forthcoming)
MAXWELL GOSS LAW
32400 Telegraph Rd., Suite 103
Bingham Farms, Michigan 48025
(248) 266-5879
max@maxwellgoss.com

Attorneys for Plaintiff Kyle Christner

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE CHRISTNER, | Case No.: |
| Plaintiff, | |
| vs. | COMPLAINT FOR DECLARATION OF AUTHORSHIP AND OWNERSHIP, AN ACCOUNTING, DAMAGES, AND OTHER RELIEF |
| MIKE SHINODA, ROB BOURDON, BRAD DELSON, JOSEPH HAHN, MACHINE SHOP ENTER-TAINMENT LLC, WARNER RECORDS INC., and DOES 1-10, | |
| | <u>DEMAND FOR JURY TRIAL</u> (F.R.C.P. Rule 38) |
| Defendants | |

For his complaint against Defendants Mike Shinoda, Rob Bourdon, Brad Delson, Joseph Hahn, Machine Shop Entertainment LLC, Warner Records Inc., and Does 1 through 10, Plaintiff Kyle Christner alleges the following:

### Nature of the Case

1. The individual Defendants are members of Linkin Park, one of the most successful rock bands in the world. Plaintiff Kyle Christner, an accomplished bass guitarist, is a former member of Linkin Park. In 1999, the year that Linkin Park signed its first major record deal, Christner collaborated on and recorded numerous songs with the band.

2. In 2020, Linkin Park released a 20th anniversary box set edition of its landmark studio album, *Hybrid Theory*. Christner is a joint creator of many tracks in the box set. For example, he played bass on and collaborated in composing "Could Have Been," a song that had never previously been released in any form and now has nearly a million views on YouTube alone. An industry professional who worked with Linkin Park in its early days repeatedly praised Christner's bass work.

3. Christner has never been paid a penny for his work with Linkin Park, nor has he been properly credited, even as Defendants have benefitted from his creative efforts. Accordingly, Christner seeks a declaration of copyright authorship

and ownership, an accounting of all of the profits received by the Defendants from relevant works jointly created with Christner that appear in the box set or otherwise, and damages to compensate Christner for the profits gained at his expense.

## The Parties

4. Plaintiff Kyle Christner is an individual residing in California.

5. Defendant Mike Shinoda is an individual residing, on information and belief, in California and in this District.

6. Defendant Rob Bourdon is an individual residing, on information and belief, in California and in this District.

7. Defendant Brad Delson is an individual residing, on information and belief, in California and in this District.

8. Defendant Joseph Hahn is an individual residing, on information and belief, in California and in this District.

9. Defendant Machine Shop Entertainment LLC is a limited liability organized under the laws of the State of California with a principal place of business in California and in this District.

10. Defendant Warner Bros. Inc. is a limited liability organized under the laws of the State of California with a principal place of business in California and in this District.

11. On information and belief, Defendants Does 1 through 5 are, and at all relevant times were, corporations, partnerships, limited liability companies, or other business entities that were and are legally responsible and liable for the acts, omissions, and causes of action alleged in this Complaint.

12. On information and belief, Defendants Does 6 through 10 are, and at all relevant times were, individuals who were and are legally responsible and liable for the acts, omissions, and causes of action alleged in this Complaint.

13. Plaintiff does not know the true names and capacities of the defendants sued herein as Does 1 through 10, and therefore Plaintiff sues such defendants under fictitious names. Plaintiff will seek leave to amend the Complaint to allege their true names and capacities once those have been ascertained.

14. On information and belief, Defendants, were, at all relevant times, individually and collectively, the alter egos, agents, employees, partners, joint venturers, co-conspirators, abettors, owners, principals, and/or employers of one another, and were acting within the course and scope of that agency, employment,

partnership, joint venture, conspiracy, ownership, and/or common enterprise. Further, on information and belief, the acts and omissions of each Defendant were known to, authorized by, or ratified by the other Defendants.

## Jurisdiction and Venue

15.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 1367(a) because this action seeks a declaration of authorship and ownership of copyrights under the U.S. Copyright Act, and because this action asserts state law claims that are so related to the claims under federal law that they form part of the same case or controversy.

16.  Venue is proper in this District under 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred, or a substantial part of the property that is the subject of the action is situated, in this District, and because at least one Defendant resides in this District and, on information and belief, all Defendants reside in California.

## General Allegations

17.  Plaintiff Kyle Christner is an accomplished bass guitar player.

18. From early 1999 to late 1999, Christner was a member of the rock band Linkin Park.[1]

19. When Christner joined the band, its members included Defendants Mike Shinoda, Brad Delson, Joe Hahn, and Rob Bourdon.

20. The late Chester Bennington joined Linkin Park shortly after Christner.

21. In May 1999, Linkin Park self-released an EP called *Hybrid Theory* (the "EP"). On information and belief, 1,500 copies were printed.

22. Christner played bass on the EP.

23. Christner was credited on the original release of the EP along with the other band members at the time.

24. Christner also played on various demos recorded by Linkin Park.

25. Christner also performed with the band at several showcases.

26. In August 1999, Christner played with Linkin Park at a showcase in front of a representative of Defendant Warner Records Inc. ("Warner") that ultimately led to a record deal for the band.

---

[1] Linkin Park previously went under the names "Xero" and "Hybrid Theory." For ease of reference, the band is uniformly referred to herein as "Linked Park."

27. In or around October 1999, the band's other members abruptly informed Christner that he was no longer a member of the band.

28. No explanation for the decision was given.

29. Christner had no further contact with the band after that point.

30. Around the same time, Linkin Park signed a recording contract with Warner.

31. In 2000, Linkin Park released its debut studio album. This album, an LP, was also called *Hybrid Theory* (the "LP").

32. In 2001, the EP was reissued in a fan club edition.

33. On this reissue, Christner's name was removed from EP.

34. In 2020, in commemoration of the LP, Linkin Park released *Hybrid Theory: 20th Anniversary Edition Super Deluxe Box Set* (the "Box Set"), which is sold and otherwise made available in physical and digital formats.

35. Warner published the Box Set.

36. The Box Set includes a reissue of the EP.

37. Though Christner was once under the misimpression that his bass parts were re-recorded on the EP after he left the band, he has, upon closer review, identified his bass playing on the edition of the EP included in the Box Set.

38. The Box Set does not credit Christner for his work on the EP.

39. The Box set includes, among other things, rare and previously unreleased tracks on three collections (presented as compact disks in the physical edition) respectively titled *Forgotten Demos*, *B-Side Rarities*, and *LPU Rarities*.

40. Christner performed on many of these recordings.

41. For example, Christner performed on a demo of "Could Have Been," a song released for the very first time in connection with the Box Set.

42. In a Twitch stream, Shinoda noted that Christner played on "Could Have Been," and described his bass solo on the track as "gnarly."

43. As of this filing, the recording of "Could Have Been" featuring Christner has been streamed more than 948,000 times on YouTube alone.

44. Christner played on other tracks included in the CDs in the Box Set. Examples include "She Couldn't," "Chair," and "Step Up."

45. In fact, Christner appears to have played on at least tracks 2, 3, 4, 6, 7, 8, 9, 10, 11, and 12 of *Forgotten Demos*, tracks 1, 2, 7, 13, 14, 16, 17 of *LPU Rarities*, and track 7 of *B-Side Rarities*, as well as the *Hybrid Theory EP*.

46. Christner's presence on various tracks is evidenced by, among other things, the fact that Bennington, who joined the band after Christner, is on vocals.

47. One or more tracks in the Box Set on which Bennington sings and Christner plays, including "Blue," appears to have been mistakenly dated 1998, before Bennington or Christner joined the band.

48. In addition to performing on the sound recordings, Christner also helped compose songs and versions of songs included in the Box Set.

49. In an online interview, Shinoda commented on the band's songwriting process, which often involved all of its members.

50. Commenting on the massively popular song, "In the End," Shinoda stated: "I came up with the piano and the chorus music and chorus lyrics. Then Brad [Delson, guitar] came up with the guitar in the verse and we worked on the bassline and composition. From there, I think everybody in the band began chipping in and adding their parts and critiquing each other's parts."

51. Nonparty Jeff Blue, who worked closely with Linkin Park when they were recording the EP and various demos, said of one track recorded with Christner, "The bass line is sick," and of another, "Even the bass line is perfect."

52. The words "Additional Bass by Kyle Christner" appear on *Forgotten Demos*.

53. However, there is no other attribution to Christner in the Box Set, even though he plays on recordings on all three CDs and the EP.

54. Christner was not contacted before the Box Set was released.

55. Christner first discovered that his work was included in the Box Set approximately two months after its release.

56. Subsequently, Christner also learned of several earlier compilations of demos and rarities that had been released to Linkin Park's fan club under the series title, "LP Underground."

57. He also subsequently learned of the fan club reissue of the EP.

58. These releases included tracks on which Christner played bass.

59. Before he learned of the Box Set, Christner had no reason to know that Defendants had been publishing and profiting from the EP and various demos on which he had played.

60. In or around April 2023, Ryan DeMarti contacted Christner, identifying himself as "Ryan with Linkin Park Management."

61. DeMarti is Director of Operations at Defendant Machine Shop Entertainment LLC ("Machine Shop"), which, on information belief, handles management and business operations for Linkin Park.

62. DeMarti said to Christner in writing, "I would like to discuss some royalties due from the Hybrid Theory 20th Anniversary release."

63. DeMarti later told him in writing, "You get mechanical royalties for 3 demos and the 6-song Hybrid Theory EP that you performed on."

64. Christner inquired about the basis for the royalties, stating, "I would like to know what you are offering before signing anything."

65. On a Zoom call in June 2023, Christner reiterated his request for the basis of the royalty calculation and noted that he believed he was entitled to royalties on more tracks than DeMarti had acknowledged.

66. Christner followed up with a letter to DeMarti outlining the results of his own initial review, which listed more than twenty songs.

67. The letter stated that Christner wanted credit for his work.

68. Christner's letter added, "If you do not believe I deserve writing credits on these songs, please state your reasons for that in your response."

69. On July 11, 2023, DeMarti emailed a pro forma acknowledgement of receipt of the letter.

70. After that, DeMarti went dark.

71. Subsequently, upon being contacted by counsel, Defendants denied that Christner's work appeared anywhere in the Box Set, with only the "possible exception" of performing on "Could Have Been."

72. In other words, after admitting that Christner played on at least some tracks included in the Box Set and admitting that Christner was entitled to at least some "mechanical" royalties, which are royalties paid for compositions, Defendants repudiated Christner's co-authorship and co-ownership of the works at issue.

72. Defendants have never given Christner proper credit for his creative contributions to Linkin Park or named him in any copyright registration.

73. Defendants have never disclosed to Christner the complete basis for calculating any royalties owed to him for sound recordings and compositions.

74. Defendants never paid Christner a penny for his contributions.

75. Defendants have wrongfully profited at Christner's expense.

## First Claim for Relief

### For Declaration of Copyright Authorship and Ownership

76. Plaintiff incorporates by reference all of the foregoing paragraphs.

77. An actual controversy has arisen, and now exists, between Christner and Defendants concerning their respective rights and obligations in connection with

various works of authorship that Christner participated in creating, including but not limited to the works identified herein (collectively, the "Works"), in that Christner contends that he is a co-author and co-owner of the Works while Defendants claim exclusive authorship and ownership of the Works.

78.     Christner seeks a judicial determination of the rights and obligations of the parties with respect to the Works, and a judgment declaring that: (a) Christner is co-author and co-owner of the Works; (b) credit must be attributed to Christner on all publications of the Works in accordance with such judicial declaration; and (c) any existing copyright registrations for the Works must be amended to add, and any future copyright registrations must include, Christner as co-author and co-owner.

## Second Claim for Relief

### For an Accounting

79.     Plaintiff incorporates by reference all of the foregoing paragraphs.

80.     When a copyright is owned jointly by two or more persons or entities, such co-owners are treated as tenants-in-common, with each co-owner having an undivided, independent right to use the work, subject to, among other things, a duty to account to and pay other co-owners. This duty to account arises from equitable doctrines relating to unjust enrichment and general principles of co-ownership.

81. As co-owners with Christner, Defendants are under a duty to account to Christner for all profits derived from their exploitation of the Works, and to pay a pro rata share to Christner.

82. Defendants have failed and refused to provide an accounting or to pay Christner any sum generated as a result of their exploitation of the Works.

83. The amount of money due to Christner cannot be fully ascertained without an accounting of all of the profits received by the Defendants as a result of their exploitation of the Works.

84. As a result of Defendants' failure and refusal to account to Christner with respect to the Works, Christner has been damaged in an amount to be determined at trial.

85. Christner is entitled to a constructive trust over his share of the profits from the Works, an award of direct, incidental, and consequential damages, interest, costs, and attorney's fees in accordance with 17 U.S.C. § 905.

### Third Claim for Relief

### For Unjust Enrichment

86. Plaintiff incorporates by reference all of the foregoing paragraphs.

87. Defendants received a benefit from their exploitation of the Works without paying Christner the share of the profits to which he is entitled.

88. Such benefit was received at Plaintiff's expense.

89. It would be unjust for Defendants to retain such benefit without paying Plaintiff his fair share.

90. Defendants are liable to Christner for damages in an amount to be determined at trial for their unjust enrichment at Christner's expense, together with interest and costs.

## Jury Demand

Plaintiff demands a trial by jury on all matters so triable.

## Prayer for Relief

Wherefore, Plaintiff Kyle Christner respectfully requests that the Court grant judgment against Defendants, jointly and severally, as follows:

(a) A judicial declaration of authorship and ownership;

(b) An accounting;

(c) A constructive trust;

(d) Direct, incidental, and consequential damages;

(e) Costs;

(f) Interest;

(g) Reasonable attorney's fees; and

(h) All other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Dated: November 8, 2023

/s/ Larry Zerner
Larry Zerner
ZERNER LAW
*Attorneys for Plaintiff*

Maxwell Goss
MAXWELL GOSS LAW
*Attorneys for Plaintiff*